**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathon Farnham, Sr., | ) | No. CV 06-1962-PHX-EHC (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Defendants. | ) | |

This case is before the Court as a result of the Motion for Reconsideration and to Withdraw (Dkt. 140) filed on November 5, 2009 by Plaintiff proceeding pro se. Plaintiff seeks to withdraw from a settlement agreement he made with Defendants and not have the case dismissed.

On November 18, 2009, Defendants filed a Response (Dkt. 142) in opposition to Plaintiff's Motion for Reconsideration and to Withdraw. Defendants argue there is no legal or factual basis on which to grant relief.

On February 18, 2010, Plaintiff pro se filed a Motion to Present New Evidence (Dkt. 144).

On February 19, 2010, the Court issued an Order (Dkt. 143 - Order) setting Plaintiff's motion for reconsideration and to withdraw for a hearing. At the hearing held on March 15, 2010 (Dkt. 145), Plaintiff pro se and counsel for Defendants appeared by telephone. After

hearing from the parties, the Court took the matter under advisement. The Court allowed Plaintiff to file an additional motion to present new evidence (see Dkt. 146 - Order).

On April 5, 2010, Plaintiff pro se filed a Motion/Response to Comply with the Court Order (Dkt. 147) and a Motion to Present New Medical Evidence (Dkt. 148). On April 19, 2010, Defendants filed a Response (Dkt. 149) to these motions. On May 10, 2010, Plaintiff pro se filed a Response/Reply (Dkt. 150).

By way of background regarding the parties' settlement and the dismissal of this case, on September 25, 2009, Defendants filed a Notice of Settlement (Dkt. 133). A Stipulation for Dismissal with Prejudice of Arizona Defendants was filed on October 7, 2009 (Dkt. 134). The Stipulation for Dismissal was signed by Plaintiff pro se and the Attorney for the Arizona Defendants, that is, the remaining defendants in the case.

A hearing was held on October 28, 2009 regarding the proposed settlement and dismissal. Plaintiff pro se and counsel for Defendants appeared by telephone at the hearing. As was discussed at this hearing, on September 2, 2009, Plaintiff pro se filed a Notice of Civil Commitment (Dkt. 132). Plaintiff informed the Court in this Notice that on June 25, 2009, an Arizona state court had issued an Order committing Plaintiff to the Arizona Community Protection and Treatment Program within the Arizona State Hospital, and that Plaintiff was to remain within this treatment program for at least 18 months or until a discharge order issues. During the October 28th hearing, the Court inquired of Plaintiff regarding his understanding of the settlement and that the case would be dismissed. Plaintiff told the Court that he had received $500 in settlement and wanted to go ahead with the settlement.

On October 29, 2009, the Court filed an Order (Dkt. 137 - Order) dismissing the case with prejudice as to all claims asserted in the Amended Complaint against the remaining Defendants. The Court found, pursuant to discussions at the October 28, 2009 hearing, that Plaintiff had knowingly and voluntarily entered into a settlement and understood that the case

1 | would be dismissed with prejudice. A Judgment of Dismissal was filed on October 29, 2009
2 | (Dkt. 139 - Amended Judgment).

3 | In his Motion for Reconsideration and to Withdraw (Dkt. 140) filed on November 5, 2009, Plaintiff contends that he made an "irrational" decision to settle the case for $500 because he owed taxes to Pima County. Plaintiff says he has mental disorders and suffers from depression. Plaintiff has offered to repay the $500 he received in the settlement.

In his Motion to Present New Evidence (Dkt. 144) filed on February 18, 2010, Plaintiff alleges that since his assault by another inmate, he has had difficulty breathing through his left nostril. Plaintiff has been examined by a specialist and been informed that surgery is required to correct the damage allegedly caused by the inmate assault. Plaintiff lists his address as the Arizona State Hospital.

In his Motion/Response to Comply with the Court Order (Dkt. 147) filed on April 5, 2010, Plaintiff alleges that taxes are due on his residence located in Pima County. Plaintiff alleges that the residence is currently vacant and unable to be rented due to a fire that damaged the home three years ago. Plaintiff claims he is unable to pay an electrician to repair the damage. Plaintiff alleges he is currently taking specific medication for depression, and that he was not taking these medications when he entered into the settlement agreement with Defendants. Plaintiff contends he has difficulty breathing.

In his Motion to Present New Medical Evidence (Dkt. 148) filed on April 5, 2010, Plaintiff realleges that since he was assaulted by another inmate, he has had difficulty breathing in his left nostril, and that a medical specialist has recommended surgery to correct the damage. Plaintiff alleges that the State refuses to pay for this corrective surgery.

Defendants argue in their Response filed on April 19, 2010 (Dkt. 149) that Plaintiff initiated the settlement negotiations in September 2009, the parties conferred and agreed to settle this case, and that Defendants paid Plaintiff the agreed-upon amount. Plaintiff allegedly has spent the settlement proceeds. Defendants argue that Plaintiff's medical records show he received medications for allergies in December 2009 and that he received depression

medications starting in January and February 2010, months after he asked the Court to vacate the settlement agreement and reopen the case. Defendants argue that Plaintiff attributes his breathing issues to an assault by other inmates but offers no medical evidence to support this conclusion. Defendants argue that Plaintiff has been confined to the Arizona State Hospital for treatment as a sexually violent person under A.R.S. § 36-3701, not because of his lack of competence. Defendants argue that the claim Plaintiff asserted in his First Amended Complaint regarding an alleged assault by other inmates in February 2005 that forms the basis for his alleged nose injury was dismissed by the Court. Defendants argue that Plaintiff represented to the Court during the hearing that he was aware and able to make the decision to settle the case.

In his Response/Reply (Dkt. 150), Plaintiff objects to Defendants' Response as not authorized by the Court's Order. Plaintiff has asserted further information bearing on his mental state, contending that he has struggled with "mental issues" since high school,[1] he remains under the care of a psychiatrist, and that he does not have the protection of representation by an attorney. Plaintiff says his medications are issued on a month-to-month basis and renewed every three months. Plaintiff contends that during settlement discussions he requested $55,000 in damages but Defendants used his state of mind to their advantage in settling the case for a lesser amount. Plaintiff says he did not request reconsideration until after he had talked with his primary therapist and psychiatrist who diagnosed him with depression and other non-specified conditions, and that he was suffering from depression and other mental conditions that impaired his ability to enter into the agreement with Defendants. Plaintiff says he used the settlement money to pay taxes owed to Pima County.

---

[1] Plaintiff has submitted with his Response/Reply a Secondary School Record that shows the "Student Identification" name as "St. Laurent, Ronald" (Dkt. 150, page 7), an "also known as" name for Plaintiff (see Dkt. 142 - Attachments). Plaintiff contends he struggled with his grades in college and appears to say he had an average of "2.8" which he says was below the normal for a college student (Dkt. 150 at page 2).

Under LRCiv 7.2(g)(2), Local Rules of Practice for the District of Arizona, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion, absent good cause shown. Plaintiff's Motion for Reconsideration and to Withdraw was filed within this time period. Pursuant to LRCiv 7.2(g)(1), the Court "will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."

The Court has reviewed the record and considered the arguments of the parties.

In Count I of Plaintiff's First Amended Complaint, Plaintiff alleged a claim for violation of the Eighth Amendment, contending that he had been physically assaulted by another inmate in February 2005 (Dkt. 45 - First Amended Complaint). Plaintiff alleged damage to his nose, swollen nose facial area, headaches, and trouble breathing through his nose (id.). In an Order (Dkt. 131 - Order) filed on September 2, 2009, the Court granted Defendants' Motion for Judgment on the Pleadings as to Defendant Anderson and further, dismissed Count I because Defendant Anderson was the only Defendant named as to Count I (Order at 6-7). None of Plaintiff's surviving claims asserted in the First Amended Complaint concerned the alleged inmate assault or physical injury to Plaintiff's nose.

The Court inquired of Plaintiff regarding the settlement agreement and the resulting dismissal of the case during the October 28, 2009 hearing. Plaintiff informed the Court that he desired to proceed with the settlement. Plaintiff's confinement in the Arizona State Hospital appears based on Plaintiff's alleged mental disorder related to sexual violence (see Dkt. 142 - Attachments), and is not related to any alleged lack of competence. Plaintiff's alleged mental issues appear to have been on-going for some time prior to his entry into the settlement agreement with Defendants. Plaintiff has received the agreed-on settlement amount and has spent the proceeds. Plaintiff makes no claim that he has the ability to repay the settlement amount or that Defendants breached the settlement agreement. Plaintiff's asserted grounds, including the subsequent circumstances regarding the taxes due on his

property and his alleged diagnosis of depression, do not establish manifest error or new facts that warrant reconsideration.

The Court will grant Plaintiff's Motion to Present New Evidence (Dkt. 144), Motion/Response to Comply with the Court Order (Dkt. 147), and Motion to Present New Medical Evidence (Dkt. 148) so that the record is complete regarding the information Plaintiff has submitted in support of his Motion for Reconsideration and to Withdraw (Dkt. 140).

Plaintiff's Motion for Reconsideration and to Withdraw (Dkt. 140) will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Present New Evidence (Dkt. 144), Motion/Response to Comply with the Court Order (Dkt. 147), and Motion to Present New Medical Evidence (Dkt. 148) are granted to the extent that the record is shown as complete regarding the information Plaintiff has submitted in support of his Motion for Reconsideration and to Withdraw (Dkt. 140).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration and to Withdraw (Dkt. 140) is denied.

DATED this 24th day of May, 2010.

_____
Earl H. Carroll
United States District Judge